UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

YVONNE ANN SEEBACK,                                    Case No. DK 14-00036
                                                       Hon. Scott W. Dales

            Debtor.

————————————————————/

<u>MEMORANDUM OF DECISION AND ORDER</u>

PRESENT:     HONORABLE SCOTT W. DALES
             Chief United States Bankruptcy Judge

Chapter 7 trustee Thomas C. Richardson (the "Trustee") filed a Motion for Approval of

Settlement Stipulation Between Trustee and Debtor (the "Settlement Motion," DN 46) using the

notice and opportunity procedure prescribed in LBR 9013(c).  The Trustee served the Settlement

Motion on the creditor matrix and no interested party objected.  The court has reviewed the

Settlement Motion and, for the following reasons, will deny it without prejudice.

The Settlement Motion seeks two forms of relief, one directly and the other inferentially.

As the title of the Settlement Motion suggests, the Trustee seeks approval of a settlement with

Yvonne Ann Seeback (the "Debtor") pursuant to Fed. R. Bankr. P. 9019.  Less transparently, the

Trustee also seeks authority to sell a 2005 Chevrolet Colorado to the Debtor for $5,000.00 over

time, free and clear of liens and other interests, including the security interest of Somchaykhit

Khennavong, pursuant to 11 U.S.C. § 363(f)(4)(interests in bona fide dispute).[1]

The Settlement Motion, which omits the term "sale" in the main body of the document

and in the notice, does not adequately apprise interested parties and, specifically, the known lien

holder, of the sale and "free and clear" aspects of the Trustee's transaction with the Debtor.  The

---

[1] The Settlement Motion mentions that the security interest of Somchaykhit Khennavong is not reflected on the motor vehicle certificate of title, and therefore is subject to bona fide dispute.  *See* Settlement Motion at ¶ 3.

attached stipulation, though titled as a "settlement," does refer to the sale free and clear under § 363(f) in the second paragraph, and does include standard provisions for the disputed lien to attach to the sale proceeds, i.e., the installments to be received from the Debtor.  Nevertheless, the court doubts that the Settlement Motion as drafted gives appropriate notice of the sale aspect of the relief requested.

The court also notes that LBR 9013(f) generally prohibits combined motions such as the Trustee has filed in this case.  Identifying the relief requested in separate motions, as the rule requires, would likely have addressed the court's concerns about notice.

Finally, and less substantively, the Trustee has not paid the filing fee assessed upon filing a motion for authority to sell estate property "free and clear" under § 363(f).  *See* 28 U.S.C. § 1930; *see also* Bankruptcy Court Miscellaneous Fee Schedule at ¶ 19.  The form of the Settlement Motion, however innocently, disguised the sale in a manner that induced the Clerk to refrain from collecting the statutory fee, illustrating the court's concerns about notice.[2]

For all of these reasons, the court will deny the Settlement Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Settlement Motion (DN 46) is DENIED, without prejudice.

IT IS FURTHER ORDERED that the Clerk shall not issue a bill of costs or charge a fee in connection with the Settlement Motion as presently drafted.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas C. Richardson, Esq., Yvonne Ann Seeback, John M. Van Elk, Esq., the Office of the United States

---

[2] Because the court is in some respects treating the Settlement Motion as a request to approve a settlement, it will not direct the Clerk to collect the fee at this time.

Trustee, and Somchaykhit Khennavong, at 4311 Swan Lake Drive, Lot 20, Allegan, Michigan 49010-9377.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 25, 2014**



Scott W. Dales
United States Bankruptcy Judge